IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK DAVIS,
    Petitioner

v.

SUPERINTENDENT SPAULDING,
    Respondent

No. 1:20-cv-1665

(Judge Kane)

**MEMORANDUM**

On September 14, 2020, pro se Petitioner Patrick Davis ("Petitioner"), a federal prisoner incarcerated the Federal Correctional Institution at Tucson in Tucson, Arizona, and previously incarcerated at the United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In an Order dated September 18, 2020, the Court directed Respondent to file a response to the § 2241 petition within twenty (20) days. (Doc. No. 4.) Respondent filed the answer on October 8, 2020. (Doc. No. 6.) Petitioner did not file a reply, and the time for doing so has now expired. (Doc. No. 4.) Accordingly, Petitioner's § 2241 petition is ripe for disposition. For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice as unexhausted.

**I.    BACKGROUND**

On April 21, 2016, a warrant was issued in Indiana case No. 02D04-1510-CM-3833 for Petitioner's violation of the terms of a plea agreement. (Doc. 6 at 7.) On April 27, 2016, Petitioner was arrested by Fort Wayne, Indiana Police Department and charged with rape, sexual misconduct with a minor, and promotion of prostitution, in case No. 02D04- 1605-F3-33. (Id.) On April 28, 2016, Petitioner was sentenced to thirty days in jail for non-compliance in No. 02D04-1510-CM-3833. (Id.) On May 13, 2016, while Petitioner was already in custody, a

parole violation warrant was issued for Petitioner by the Indiana Department of Corrections in Case No. 02D04-0403-FB-45. (Id.) The parole violation warrant was served on May 18, 2016. (Id.) Petitioner was taken into temporary federal custody the next day by the United States Marshals Service ("USMS") via a writ of habeas corpus ad prosequendum for case No. 1:16-cr-0026 in the United States District Court for the Northern District of Indiana. (Id.)

On June 20, 2016, the state of Indiana dismissed the charges of rape, sexual misconduct with a minor, and promotion of prostitution in Case No. 02D04-1605-F3-33. (Id. at 8.) On June 28, 2016, while still detained under the federal writ, Petitioner was ordered to submit to a psychiatric evaluation to determine competency in No. 1:16-cr-0026. (Id.) Davis was returned to the physical custody of Indiana on September 15, 2016 after completing the competency evaluation. (Id.)

On October 14, 2016, Petitioner was taken into the physical custody of the USMS via a writ of habeas corpus ad prosequendum. (Id.) On December 14, 2017, Petitioner was sentenced to 74 months of imprisonment by the United States District Court for the Northern District of Indiana in No. 1:16-cr-0026. (Id.) On December 21, 2017, Petitioner was returned to the physical custody of Indiana with a federal detainer lodged against him for No. 1:16-cr-0026. (Id.)

On June 7, 2018, Petitioner was paroled from his Indiana state sentence in Case Number 02D04-0403-FB-45. (Id. at 9.) That same day, he was taken into custody by the USMS on the federal detainer in No. 1:16-cr-0026. (Id.) The Federal Bureau of Prisons ("BOP") calculated Petitioner's federal sentence based on the 74-month term of imprisonment in No. 1:16-cr-0026 with the sentence commencing on June 7, 2018, the date Petitioner was released from Indiana state custody. (Id.) Any time Petitioner spent in custody prior to June 7, 2018, was credited to

his state sentence in No. 02D04- 0403-FB-45.  (Id.)  Petitioner has a projected release date of November 28, 2023.  (Id.)

In the petition, Petitioner argues that the BOP wrongly calculated his federal sentence by not appropriately applying time in which he was in federal custody to his federal sentence.  (See Doc. 1 at 1.)  Respondent argues in the answer that Petitioner has failed to exhaust his administrative remedies.  (Doc. 6.)  Respondent explains that Petitioner has filed numerous administrative remedies, all of which have been related to his requests for jail time credit.  (Id. at 3.)  Specifically, Respondent explains that Petitioner filed Administrative Remedy Nos. 963517-F1; 1001261-F1; 1020829-F1; and 1001262-A2; none of which Petitioner appealed to the final level of review with the Central Office.  (Id. at 3-6.)  Petitioner has not filed a reply.

## II. DISCUSSION

A prisoner must exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies."); Arias v. U.S. Parole Comm'n, 648 F.2d 196 (3d Cir. 1981).  Requiring inmates to exhaust their remedies serves a number of purposes, such as "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  See Moscato, 98 F.3d at 761-62.  Exhaustion of administrative remedies requires compliance with an agency's deadlines, other critical procedural rules, and all steps of the available administrative

process. See Woodford v. Ngo, 548 U.S. 81, 90-92 (2006); Jones v. Bock, 549 U.S. 199, 218 (2007) (holding that proper exhaustion is defined by applicable prison requirements).

In order to exhaust administrative remedies, a federal prisoner must first attempt to informally resolve the dispute with institution staff. See 28 C.F.R. § 542.13. Then, if informal resolution efforts fail, the prisoner may raise his complaint to the warden of the institution in which he is confined. See 28 C.F.R. § 542.14. If the warden denies the administrative remedy request, the prisoner may next file an appeal with the regional director within twenty days from the date of the warden's response. See 28 C.F.R. § 542.15. Finally, if the regional director denies the appeal, the prisoner may then appeal that decision to the general counsel of the Federal Bureau of Prisons at the Central Office within thirty days from the date of the regional director's response. See 28 C.F.R. § 542.15. No administrative remedy appeal is considered to have been exhausted until it is decided on its merits by the Central Office. See 28 C.F.R. §§ 542.10–542.19.

Here, Petitioner has failed to exhaust his administrative remedies and has presented no argument that his failure to exhaust should be excused. In certain circumstances, courts have excused the exhaustion requirement, including when requiring a prisoner to exhaust his administrative remedies would be futile or the issue involves only statutory construction. See, e.g., Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (stating that "exhaustion is not required with regard to claims which turn only on statutory construction"); Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (finding exhaustion excused upon petitioner showing futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir.1988) (finding exhaustion excused when agency actions clearly and unambiguously violate statutory or constitutional rights); Carling v. Peters, No. 00-cv-2958, 2000 WL 1022959, at *2

4

(E.D. Pa. July 10, 2000) (holding that exhaustion excused where delay would subject petitioner to irreparable injury in the context of military enlistment). The Court can discern no fact in the petition or answer from which it could conclude that Petitioner's failure to exhaust should be excused.

Petitioner has failed to exhaust his administrative remedies, and he has also failed to demonstrate that he should be excused from doing so. As such, the petition must be dismissed.[1] See Arias, 648 F.2d at 199 (noting that if a prisoner does not exhaust available administrative remedies, the petition should be dismissed).

### III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed without prejudice. An appropriate Order follows.

---

[1] The Court notes that the administrative remedy process is still available to Petitioner, and thus Petitioner's claim is not procedurally defaulted. In the alternative, if the claim were procedurally defaulted, Petitioner has failed to present any cause for his failure to exhaust his administrative remedies. See Moscato, 98 F.3d at 761 ("[I]f a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice.").